RAMÓN DELFÍN PAGÁN, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1126. Submitted November 1, 1943.—Decided November 22, 1943.

*Buenaventura Esteves* for appellant. The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Ramón Delfín Pagán instituted ownership title proceedings in the District Court of Aguadilla to prove his ownership title to six parcels of land whose possession appears of record in favor of Erasmo Cardona Fuentes, the former owner thereof.

A summons was issued under the seal of the court directed to Erasmo Cardona Fuentes, his heirs or successors in title, as the former owner of the estate which is described with its location, area, boundaries, etc. It was therein stated how the petitioner had acquired it, and Erasmo Cardona

Fuentes, his heirs, etc., were specifically notified that the petitioner alleged to be the owner and possessor thereof, the notice closing in the following terms: "Therefore, the former owner Erasmo Cardona Fuentes, his heirs or successors in interest, are hereby summoned to appear within the term of 60 calendar days computed from the date of service, to oppose the claims of the petitioner if they deem it advisable."

Said summons was duly served upon all the heirs (naming them) of Erasmo Cardona Fuentes, delivering to each of them personally a copy of the summons and of the petition. Moreover, in the prayer of the petition it is stated as follows: "Your petitioner prays that after compliance with the proper legal procedure, his ownership title be held proved and that the same be ordered to be recorded in the registry of property, *after cancellation is made of the records of the six parcels whose possession appears to be recorded,* with any other pronouncements that might be proper." (Italics ours.)

Upon presentation in the Registry of Property of Aguadilla of a certified copy of the order declaring that the ownership title has been established, of the initial petition, and of a certificate from the clerk of the District Court of Aguadilla regarding the contents of the summons and its service, the registrar refused to record the same on the following ground:

"Because I think that the summons directed to be served on the heirs of Erasmo Cardona Fuentes should have contained a warning that *in the event of failure to appear within the statutory time to file their opposition, the court would order the cancellation of the entry made in the registry in favor of the predecessor in interest* . . " (Italics ours.)

 The registrar alleges in support of his decision that, in his opinion, the alleged defect in the contents of the summons barred the jurisdiction of the court over the persons summoned and that to order the cancellation of the records of possessory title under such circumstances amounts

to deprive the interested parties of their property without due process of law.

The registrar fails to cite, nor do we know of, any legal provision in support of his proposition. He cites, however, the case of *Canino* v. *Registrar*, 31 P.R.R. 413, and argues that according to the decision in said case the registrar must refuse to record a dominion title proceeding where there are records of possessory title in favor of persons other than the petitioner, unless such persons are validly summoned.

It is true that in the case cited by the registrar the warning to which the decision appealed from refers was made, but it does not appear from the opinion that said warning was necessary for the validity of the summons. All that is required by the due process of law clause in connection with judicial proceedings is that the defendant or any other person that might be prejudiced by said proceedings should be summoned and be given an opportunity to appear and be heard. This, of course, includes the right to an opportunity to offer evidence. *Hagar* v. *Hardy*, 169 U. S. 366.

In the case at bar the heirs were duly summoned, they were notified of the claims of the petitioner and were allowed fully reasonable time to appear and be heard. What was done was sufficient for a compliance with the due process clause.

The decision appealed from will be reversed and the instrument ordered to be recorded.